SEALED          3:26-mj-00083

DISTRICT OF OREGON, ss:          AFFIDAVIT OF JOHN MARSHALL

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, John Marshall being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.        I am a Deportation Officer (DO) with the Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations (DHS/ICE/ERO) and have been so employed since 2015.  My current assignment is with the Prosecutions Team under the Criminal Apprehension Program in Portland, Oregon.  I am responsible for conducting criminal and administrative investigations into violations of Federal Immigration Law and related statutes.  I have been employed by the Department of Homeland Security (DHS) for over ten years.  I am a graduate of the U.S. Immigration and Customs Enforcement Basic Academy in Brunswick, Georgia where I received training in immigration enforcement, interviewing techniques, arrest procedures, arrest and search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.  I have also completed advanced training at the Field Operations Training Program and the Field Operations Training Program-Prosecutions Module at the Federal Law Enforcement Training Center in Charleston, South Carolina.

2.        I submit this affidavit in support of a criminal complaint and arrest warrant for Flavio SALMERON-Puente (aka Jose GIL-Pimentel) for committing the crime of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).  As set forth below, there is probable cause to believe, and I do believe, that Flavio SALMERON-Puente, illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).

3.        The facts set forth in this affidavit are based on my own personal knowledge,

knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

## Applicable Law

4.     Title 8, United States Code, Section 1326(a) establishes a crime for "any alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" who "thereafter enters, attempts to enter, or is at any time found in, the United States, unless [ ] prior to his re-embarkation at a place outside the United States . . ., the Attorney General has expressly consented to such alien's reapplying for admission."

## Statement of Probable Cause

5.      I have reviewed the electronic records for Alien Registration File Number AXXXXXX602 and automated criminal records (FBI: XXX45WB4, SID: ORXXX4936) relating to SALMERON-Puente, and attest to the following:

> (a) SALMERON-Puente is an approximately forty-six-year-old male, native and citizen of Mexico, who last entered the United States illegally by crossing the international border on an unknown date and at an unknown location, without

**Page 2 – Affidavit of John Marshall**

first having obtaining consent of the Attorney General of the United States or the U.S. Secretary of Homeland Security.

(b) SALMERON-Puente's Alien Registration File records indicate that he was served a Final Administrative Removal Order in Portland, Oregon on May 18, 2011 and then deported from the United States to Mexico from Brownsville, Texas on or about May 25, 2011.

6. On March 5, 2026, ICE received a biometric-based alert due to contact with an Oregon law enforcement agency by SALMERON-Puente due to being arrested for Failure to Appear. I conducted records checks and found records of prior violations of administrative and criminal law attributed to SALMERON-Puente.

7. I received a copy of SALMERON-Puente's Alien Registration file and conducted a review of his immigration history. Those records indicate that SALMERON-Puente's first encounter with Immigration officials happened on October 16, 2008, near Portland, Oregon by ICE and served with a Notice to Appear (NTA).

8. The A-file further reflects that, on or about May 18, 2011, SALMERON-Puente was served a Final Administrative Removal Order from the United States to Mexico. Records in the A-file show that he was thereafter removed from the United States to Mexico on May 25, 2011, pursuant to that lawful order of removal.

9. My review of the Alien Registration file further confirmed that SALMERON-Puente was formally removed from the United States to Mexico on at least seven occasions: November 29, 2008; December 8, 2008; December 9, 2008; May 25, 2011; April 22, 2014; April 9, 2018, and October 16, 2018. During my electronic queries of electronic records of the

**Page 3 – Affidavit of John Marshall**

United States Department of Homeland Security (DHS) and my physical review of the copy of SALMERON-Puente's Alien Registration file, I found no indication that he ever applied for or obtained the permission of the United States Attorney General or the Secretary of Homeland Security to re-apply for admission into the United States after removal, including through a Form I-212.

10.     Records contained in the A-file and criminal records further show that, on or about October 15, 2018, SALMERON-Puente was convicted in the United States District Court for the District of Arizona of illegal reentry by an alien, in violation of 8 U.S.C. § 1326(a)/(b)(2), in case number CR-18-00842-001-PHX-SPL and was sentenced to time already served in the Bureau of Prisons. On March 5, 2026, ICE received a biometric-based alert due to contact with an Oregon law enforcement agency by SALMERON-Puente due to being arrested for Failure to Appear. I then conducted records checks confirming that SALMERON-Puente was present in the United States following his removal.

### Conclusion

11.     Based on the foregoing, I have probable cause to believe, and I do believe, that Flavio SALMERON-Puente illegally re-entered the United States following his removal, in violation of 8 U.S.C. § 1326(a)/(b)(2).  I therefore request that the Court issue a criminal complaint and arrest warrant for Flavio SALMERON-Puente.

12.     Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Andrew Kartchner, who advised me that in his opinion the affidavit and complaint are legally and

**Page 4 – Affidavit of John Marshall**

factually sufficient to establish probable cause to support the issuance of the requested criminal

complaint and arrest warrant.

*By phone pursuant to Fed. R. Crim. P. 4.1*

John Marshall / Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement
Enforcement and Removal Operations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at  4:30

a.m./p.m. on March 31, 2026.

HONORABLE Jolie A. Russo
United States Magistrate Judge

**Page 5 – Affidavit of John Marshall**